UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | ) File No. 3:11-0708<br>) |
| Vs. | ) Jury Demand<br>) |
| SEI ENVIRONMENTAL, INC.,<br>SEI ENVIRONMENTAL 401 (k) PLAN, and<br>WILEY MCALLEN FINLEY, | )<br>)<br>) |
| Defendants. | )<br>) |

## ANSWER

Comes now the Defendant Wiley McAllen Finley (hereinafter "Finley"), and hereby files his Answer in his individual capacity to the complaint, and to protect his individual interest, he is also answering on behalf of SEI Environmental, Inc. (hereinafter "SEI"), and SEI Environmental 401 (k) Plan (hereinafter "Plan"), as follows:

1. This allegation is a legal conclusion but to the extent that it states any facts they are hereby denied.

2. Admitted.

3. Admitted.

4. Admitted, but Finley is only responding to any allegations in this paragraph and all following paragraphs, against SEI and the Plan to protect his individual interest.

5. Admitted, but Finley is only responding to any allegations in this paragraph and all following paragraphs, against SEI and the Plan to protect his individual interest.

6. Other than the allegation that Finley was the company's CEO, this paragraph is admitted.

1

7. Admitted.

8. Finley, through no fault of his own, has no relevant corporate records in his possession and thus he lacks sufficient information to admit or deny this allegation.

9. This allegation is a legal conclusion but to the extent that it states any facts they are hereby denied.

10. Finley, through no fault of his own, has no relevant corporate records in his possession and thus he lacks sufficient information to admit or deny this allegation.

11. Finley, through no fault of his own, has no relevant corporate records in his possession and thus he lacks sufficient information to admit or deny this allegation.

12. Admitted.

13. Finley admits that because SEI was experiencing a catastrophic financial collapse, certain funds may have not been paid into the Plan, but at all times Finley acted reasonably and with good faith to protect SEI and the Plan.

14. Finley admits that because SEI was experiencing a catastrophic financial collapse, he was not able to restore certain funds into the Plan, but at all times Finley acted reasonably and with good faith to protect SEI and the Plan.

15. It is admitted that funds are held by Frontier Trust Co., but Finley lacks sufficient information to admit or deny the amount.

16. Denied.

17. (a) - (i): Each and every allegation set forth asserts a legal conclusion and to the extent that they assert any facts, they are denied because SEI was experiencing a catastrophic financial collapse and Finley at all times acted to save SEI and restore the Plan.

18. There is no appropriate numbered paragraph.

19. There is no appropriate numbered paragraph.

20. A-G: These allegations are legal conclusions and to the extent that they assert any facts, they are hereby denied.

**WHEREFORE** having answered, Finley individually and to the extent it protects his individual interest, SEI and the Plan, all deny that the Plaintiff is entitled to any relief for any of his alleged acts or omissions and seeks the following relief:

1. A jury to hear any matters to which he is entitled.
2. That he be permitted to plead under Rule 12 of the Federal Rules of Civil Procedure the following:
    a. That this case should be dismissed for failure to state a claim upon which relief can be granted;
    b. That at all times material herein, Finley acted reasonably and in good faith to save SEI and protect and restore the Plan;
    c. That Finley be credited with a set-off and credit for any funds that are attributable to him;
    d. Finley asserts affirmative defenses of statute of limitations, laches, duress and estoppel; and
    e. That since Finley has, through no fault of his own, no relevant corporate records in his possession that he be permitted to amend his answer if during discovery he discovers any new defenses.
3. That Finley be granted any general relief to which he is entitled.

Respectfully Submitted,

 */s/ Bob Lynch, Jr.*
**Bob Lynch, Jr. (BPR# 6298)**
Washington Square, Suite 316
222 Second Avenue North
Nashville, TN 37201
615-255-2888
615-256-5737 facsimile
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and exact copy of the foregoing has been electronically delivered to Ms. Rolesia Butler Dancy, Office of the Solicitor, U.S. Department of Labor, 61 Forsyth Street, S.W., Suite 7T10, Atlanta, GA 30303, on this 17th day of November, 2011.

 */s/ Bob Lynch, Jr.*
**Bob Lynch, Jr.**